SUMMARY ORDER

Petitioner Mei Ping Zheng, a native and citizen of China, seeks review of an October 23, 2008 order of the BIA affirming the April 26, 2007 decision of Immigration Judge (“IJ”) Paul A. DeFonzo denying her application for asylum, withholding of removal, and CAT relief. In re Mei Ping Zheng, No. A 099 667 773 (B.I.A. Oct. 23, 2008), aff'g No. A 099 667 773 (Immig. Ct. N.Y. City Apr. 26, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA.[2] Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, we “defer to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
I. Religious Persecution Claim
The IJ reasonably found that Zheng failed to establish eligibility for relief on the basis of religion. The IJ observed that even if Zheng was a Christian, she failed to present any evidence that she suffered past persecution or had a well-founded fear of future persecution on that basis. Indeed, Zheng admitted that her prior claim that she practiced Christianity in China was false and she did not testify that she suffered or feared persecution on account of her religious activities.[3] Therefore, the IJ’s burden finding was not in error. See Matter of Acosta, 19 I. & N. Dec. 211, 222 (BIA 1985) (defining persecution as a “threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive”); Ivanishvili v. U.S. Dep’t, 433 F.3d 332, 342 (2d Cir.2006).
II. Family Planning Claim
Substantial evidence supports the agency’s adverse credibility determination. As an initial matter, in her brief, Zheng does not challenge the IJ’s finding that her testimony that Chinese authorities failed to take action after she filed complaints against her fiancé was inconsistent with her asylum application, which indicated *626 that they had taken action. Because Zheng has waived any challenge to that finding, it stands as a valid basis for the IJ’s adverse credibility determination, see Shunfu Li v. Mukasey, 529 F.3d 141, 146-147 (2d Cir.2008).
The IJ also reasonably found that: (1) while Zheng told a border patrol agent that she fled China to escape religious persecution, she later testified that she lied to the border patrol agent; (2) although Zheng testified that her alleged forced abortion occurred at Kulo hospital in the Fuzhou district, the abortion certificate that she presented indicated that the procedure occurred at Bi Hoo Ting hospital, in the Cangshan district; (3) although Zheng testified that her boyfriend threatened her after she filed an official complaint against him, she omitted this information from her application; (4) while Zheng testified that she learned from her mother that her flaneé had visited her mother’s home and caused problems after Zheng left China, a letter from Zheng’s mother made no such assertion; and (5) based on the multiple inconsistencies in Zheng’s case, it was likely that some of the documents that she submitted were fraudulent. While Zheng offered explanations before the agency that were responsive to each of these findings, the agency did not err in rejecting them. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005). We are similarly unpersuaded by the arguments Zheng makes in this Court.
To the extent Zheng challenges the IJ’s other credibility findings, we decline to consider these arguments. Even if the IJ’s remaining findings were in error, remand would be futile as we can be confidently predict that the agency would reach the same conclusion on remand. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006). Ultimately, because substantial evidence supported the IJ’s adverse credibility determination, the IJ properly denied Zheng’s application for asylum and withholding of removal because the only evidence that she would be persecuted depended on her credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument, in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Zheng argues that the BIA's decision was "muddled” because it was unclear whether the BIA was conducting a de novo review or affirming the IJ’s decision. We disagree. The BIA’s decision clearly affirms the IJ's. Indeed, it essentially reiterates the IJ's adverse credibility findings.

. Given Zheng’s admission, it is unclear what aspects of her religion claim, if any, the IJ believed.